UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW RAMIREZ, on behalf of
himself and others similarly situated,

        Plaintiff,

                                  Case No. 12-cv-14480
v.                              HON. GERSHWIN A. DRAIN

BRIDGESTONE RETAIL
OPERATIONS, LLC,

        Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [#5] AND DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS

### I. INTRODUCTION

On October 10, 2012, Plaintiff initiated the present action alleging that Defendant, Bridgestone Retail Operations, LLC, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The claim is for unpaid wages and overtime pay due to Plaintiff and other similarly situated, current and former mechanics, for work performed.

Presently before the Court is Defendant's Motion to Stay Proceedings and Compel Arbitration filed on February 18, 2013. The issues have been fully briefed and the Court, having heard oral arguments on April 10, 2013, and for the reasons that follow, will grant Defendant's Motion to Compel Arbitration and deny Defendant's Motion to Stay Proceedings.

## II. FACTUAL BACKGROUND

Plaintiff began working for Defendant as a technician in September of 2005. On September 6, 2005, Plaintiff signed a New Employee Acknowledgment and Agreement Form ("Acknowledge and Agreement Form") confirming his receipt of the Defendant's Employee Dispute Resolution Plan ("EDR"). This document states in relevant part:

> I understand and agree that any employment-related legal dispute I may have with BFS Retail & Commercial Operations, LLC (the "Company") including, but not limited to, any dispute concerning my application for employment, my employment if I am hired, and the termination of my employment if I am hired, must be resolved exclusively through the Company's Employee Dispute Resolution Plan. . . . I understand and agree that disputes covered by the EDR Plan include, but are not limited to, claims under federal, state or local civil rights statutes, laws, regulations or ordinances and federal, state, or local common law contract and tort claims. . . .

*See* Def.'s Mot., Dkt. No. 5, pg. 15.

Moreover, on May 23, 2011, Plaintiff signed an acknowledgment form that he received the revised EDR plan. The cover page of the updated EDR booklet reads:

> **THE EMPLOYEE DISPUTE RESOLUTION PLAN IS THE EXCLUSIVE MEANS OF RESOLVING EMPLOYMENT-RELATED DISPUTES. ALL PERSONS WHO APPLY FOR EMPLOYMENT, CONTINUE WORKING FOR, ACCEPT EMPLOYMENT, CONTINUE WORKING FOR, OR ACCEPT ANY PROMOTIONS, PAY INCREASES, BONUSES, OR ANY OTHER BENEFITS OF EMPLOYMENT FROM BRIDGESTONE RETAIL OPERATIONS, LLC AGREE TO RESOLVE ALL SUCH DISPUTES THROUGH THE MEDIATION AND BINDING ARBITRATION PROCESS DESCRIBED HEREIN INSTEAD OF THROUGH THE COURT SYSTEM.**

*See Id.* at 16-17 (emphasis in original). *See also* Def.'s Mot., Dkt. No. 5-2, pg. 7.

Plaintiff alleges that from September 2007 until October 2011, while routinely

working more than 40 hours per week as a mechanic, he was erroneously classified as exempt from overtime and was not eligible to receive overtime wages. *See* Compl. Pg. 4. Plaintiff was paid pursuant to a flat-rate commission. Plaintiff contends that because the flat-rate commission was not proportional between customer charges and mechanics' compensation, it did not qualify as commission under 29 U.S.C. § 207(I) ("Section 7(I)").

### III. LAW & ANALYSIS

### A. Standard of Review

"Under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, ("FAA"), a written agreement to arbitrate disputes, which arises out of a contract involving transactions in interstate commerce shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). "The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Id.* "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Id.* "Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration." *Id.* "Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.*

It is incumbent on this Court to determine as a threshold matter whether an agreement creates a duty for the parties to arbitrate a particular grievance or claim. *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, (1986). *See*

*also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, (1985) ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."). This inquiry requires the Court to evaluate, first, whether a valid agreement to arbitrate exists between the parties and, second, whether the specific dispute at issue falls within the substantive scope of that agreement. *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008). In making this inquiry, the Court must turn to state contract law to determine whether the arbitration clause was validly obtained. *Glazer v. Lehman Brothers, Inc.*, 394 F.3d 444, 451 (6th Cir. 2005). Ultimately, it is well-established that any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 393 (6th Cir. 2003).

### B. Defendant's Motion to Stay Proceedings and Compel Arbitration

Defendant argues that Plaintiff's FLSA claims are subject to binding arbitration based on the arbitration agreement Plaintiff entered into when he began his employment with Defendant in September of 2005. Conversely, Plaintiff argues that the "EDR Plan prohibits employees from enforcing their statutory right to seek relief individually or collectively, prohibits concerted activity in contravention of the National Labor Relations Act ("NLRA"), and vitiates the FLSA's substantive right to litigate collectively." *See* Plt.'s Resp., Dkt. No. 10, pg. 8. Thus, Plaintiff maintains that his claims are properly before the Court.

This Court must apply the FAA to the issues presented herein. Congress's purpose in enacting the FAA "was to reverse the long-standing judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American

courts, and to place arbitration agreements on the same footing as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Pursuant to the FAA, an arbitration agreement must be enforced where a valid, written agreement exists and the claims made are within the scope of the agreement. *Alticor, Inc. v. Nat'l Union Fire Ins. Co.*, 411 F.3d 669, 672-73 (6th Cir. 2005). However, before this Court can compel Plaintiff to arbitrate his claims, the Court must engage in a limited review to determine whether the dispute at issue is arbitrable. *See AT&T Techs.*, 475 U.S. at 649. The United States Court of Appeals for the Sixth Circuit has identified four factors that courts should consider when addressing a motion to compel arbitration under the FAA:

> First, [the court] must determine whether the parties agreed to arbitrate; second, [the court] must determine the scope of that agreement; third, if federal statutory claims are asserted, [the court] must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, [the court] must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Brothers, Inc.*, 394 F.3d 444, 451 (6th Cir. 2005).

In May of 2005 when Plaintiff received a copy of the 2003 EDR Plan booklet and signed the Acknowledgment and Agreement form, he manifested his assent to arbitrate "[a]ny other matters arising from or concerning the employment relationship. . . including. . . without limitation: [c]ompensation, bonus, and wage and hour claims under federal, state, or local statutes. . . including the Fair Labor Standards Act." *See* Def.'s Mot., Dkt. No. 5-2, pg. 23.

Furthermore, on May 23, 2011, Plaintiff received an updated copy of the EDR Plan that again stated that the EDR:

> is the exclusive means of resolving employment related

> disputes. All persons who apply for employment, accept employment, [or] continue working for, or accept any promotions, pay increases, bonuses, or any other benefits of employment from Bridgestone Retail Operations, LLC agree to resolve all such disputes through the mediation and binding arbitration process . . . instead of through the court system.

*See* Def.'s Mot., Dkt. No. 5, pgs. 16-17. Plaintiff continued to work for Defendant until October of 2011. Therefore, the parties agreed to arbitrate Plaintiff's FLSA claims.

Additionally, Plaintiff's FLSA wage and hour claims are within the scope of the arbitration agreement. It is well established that "broadly written arbitration clauses must be taken at their word and extend to situations that fall within their purview." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 650 (6th Cir. 2008). Where an arbitration clause is broad, only an express provision excluding a specific dispute, or the most forceful of evidence of a purpose to exclude the claims from arbitration, will remove the dispute from consideration by the arbitrators. *AT&T Techs,* 475 U.S. at 650. The Sixth Circuit Court of Appeals has found arbitration agreements to be broadly written when the agreement contains language that "[a]ny controversy arising out of or relating to any of my accounts, to transactions with you for me, or to this or any other agreement or the construction, performance or breach thereof, shall be settled by arbitration[,]" *Fazio*, 340 F.3d at 392 (6th Cir. 2003) or where the agreement states "that it applies 'to any dispute or claim arising from or in connection with this agreement or the services provided by [Plaintiff].'" *Watson Wyatt & Co.*, 513 F.3d at 650.

Here, the arbitration clause specifically covers "[a]ny other matters arising from or concerning the employment relationship. . . including. . . without limitation: [c]ompensation, bonus, and wage and hour claims under federal, state, or local statutes. . . including the

-6-

Fair Labor Standards Act." The broad nature of this arbitration clause requires this Court to follow the presumption of arbitration. *See NCR Corp. v. Korala Assocs. Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) ("When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration.") (emphasis in original). The arbitration clause contains no express provision or any evidence of a purpose to exclude Plaintiff's wage and hour claims from arbitration. The arbitration clause is broad and does not specifically exempt Plaintiff's wage and hour claim, thus his claim falls within the purview of the arbitration agreement.

Further, there is no federal statute or policy that renders Plaintiff's claims non-arbitrable. The United States Supreme Court has expressly recognized that arbitration agreements related to employment disputes are arbitrable. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991) (holding that claims under the ADEA are arbitrable). The Sixth Circuit Court of Appeals, as well as courts from the Eastern District of Michigan have also found that claims arising from private employment and arbitration agreements are arbitrable. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 658 (6th Cir. 2003); *EEOC v. Frank's Nursery & Crafts, Inc.*, 966 F. Supp. 500, 503 (E.D. Mich. 1997), *rec'd. on other grounds*, 177 F.3d 448 (6th Cir. 1999); *Beauchamp v. Great West Life Assurance Co.*, 918 F. Supp. 1091, 1095 (E.D. Mich. 1996).

Lastly, this Court must compel arbitration and dismiss the Complaint because Plaintiff's FLSA wage and hour claim is subject to arbitration. The Supreme Court has held that " federal statutory claims may be the subject of arbitration agreements that are enforceable pursuant to the FAA because the agreement only determines the choice of

forum." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296, n. 10 (2002). "In these cases we recognized that '[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, form.'" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628,(1985)).

"Under the FAA the employee's individual agreement to arbitrate all disputes was enforceable with respect to disputes over claims covered by the FLSA." *Albertson's Inc. V. United Food and Commercial Workers Union, AFL-CIO & CLC*, 157 F.3d 758, 762 (9th Cir. 1998).

Defendant further argues that agreements to arbitrate FLSA claims on an individual basis are enforceable to bar class litigation of such claims. Defendant notes that the FLSA does not override the strong FAA policy to enforce arbitration agreements. *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (3rd Cir. 2002) ("[plaintiff] points to no suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute. His inability to bring a class action, therefore, cannot by itself suffice to defeat the strong congressional preference for an arbitral forum").

Plaintiff points to the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151, *et seq.*, and in particular the "mutual aid or protection" clause of 29 U.S.C. § 157, which provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." Plaintiff argues that he exercises his right to engage in

-8-

"concerted activity" for the purposes of "mutual aid and protection" by pursuing the FLSA's collective and related claims action, and that such a right is a substantive right under the NLRA. The Court disagrees.

Employees do not lose "their protection under the 'mutual aid or protection' clause when they seek to improve terms and conditions of employment or otherwise improve their lot as employees through channels outside the immediate employee-employer relationship." *Eastex, Inc. v. N.L.R.B.*, 437 U.S. 556, 565 (1978). The "mutual aid or protection" clause "protects employees from retaliation by their employers when they seek to improve working conditions through resort to administrative and judicial forums," and "employees' appeals to legislators to protect their interests as employees are within the scope of this clause." *Id.* at 565-66 (1978).

Plaintiff points to no federally recognized substantive right to preclude arbitration of his and others' claims. An agreement to arbitrate does not forego substantive rights afforded by statute. *See Gilmer*, 500 U.S. at 26. Plaintiff offers no meaningful support for a nonwaivable right to class or collective action under FLSA given the strong Congressional preference for arbitration. *See Adkins*, 303 F.3d at 503. Plaintiff's attempt to analogize collective union activity to his FLSA class or collective action claim is unavailing. There is no requirement to examine unrelated federal statutes to ascertain whether arbitration would impair substantive rights under the unrelated statutes. Plaintiff's complaint addresses improper wages and overtime compensation, not collective bargaining. Thus, Plaintiff's claims on behalf of himself and others is subject to arbitration on an individualized, not a class or collective basis.

The Court must answer the final question of whether to stay the remainder of the

proceedings pending arbitration. *See Glazer*, 394 F.3d at 451. The FAA requires that a court, upon being satisfied that the issues involved in the suit are referable to arbitration, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3. *See also ATAC Corp. V. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1094-95 (6th Cir. 2002). This Court has determined that Plaintiff's claim against Defendant is referable to arbitration. Therefore, because "there is 'nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate." *Ewers v. Genuine Motors Cars, Inc.*, Case No. 07 cv 2799, 2008 LEXIS 21466, at *22 (N.D. Ohio Mar. 19, 2008) (quoting *Arnold v. Arnold*, 920 F.2d 1269 (6th Cir. 1990)).

Accordingly, this Court shall dismiss the above mentioned claims pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1).

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Compel Arbitration [#5] is GRANTED.

IT IS FURTHER ORDERED that this action is dismissed pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1).

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings [#5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff submit his claims against Defendant to arbitration.

SO ORDERED.

Dated: April 12, 2013                                    /s/Gershwin A Drain
                                                        GERSHWIN A. DRAIN
                                                        U.S. DISTRICT JUDGE